# EXHIBIT A

EFiled:  Sep 04 2020 12:35PM EDT
Transaction ID 65905472
Case No. S20C-09-003 MHC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROSILYN WILSON, | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Rosilyn Wilson ("Plaintiff"), individually and on behalf of all others similarly situated, hereby files this Class Action Complaint against Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") and alleges:

## NATURE OF ACTION

1.     This is a class action lawsuit brought by Plaintiff, a named insured under an automobile policy issued by State Farm for auto physical damage, including comprehensive and collision coverage ("the Policy"), pursuant to which Defendant is required to pay the Actual Cash Value ("ACV") of an insured vehicle in the event it is declared a "total loss".

2.     State Farm is a private insurance company that transacts insurance in the State of Delaware.  Among other coverages, Defendant offers comprehensive and collision coverage. Upon information and belief, Defendant systematically underpaid amounts owed not just to Plaintiff but to thousands of other insureds, all of whom are putative members of the Class (as fully defined below), in payment for total loss vehicles insured with comprehensive and collision coverage.

3.     This lawsuit is brought by Plaintiff, individually and on behalf and all other similarly situated insureds, against State Farm for damages suffered as a result of Defendant's failure to make full ACV payments to first-party insureds who suffered a total-loss of their insured vehicles. Specifically, as a matter of policy, Defendant fails to include registration transfer fees ("Transfer Fees") notwithstanding that Transfer Fees are part of the ACV of a total-loss vehicle.

4.     Defendant's failure to include payment for Transfer Fees is a breach of its policy agreement and a clear breach of contract under Delaware law.

## PARTIES

5.     At all times material hereto, Plaintiff was a citizen of the State of Delaware and domiciled in New Castle County, Delaware.

6.     At all times material hereto, Defendant is and was a corporation with a substantial portion of its business being conducted in New Castle County, Delaware.

7.     Plaintiff and members of the putative class are all insured under Delaware policies issued by Defendant containing materially-identical policy language.

## FACTUAL ALLEGATIONS

8.     Defendant's standardized policy language as to comprehensive and collision coverage for ACV of total loss vehicles is present in every auto policy issued by Defendant in Delaware.

9.     At all times material hereto, Plaintiff owned a 2005 GMC Envoy insured by a Policy issued by Defendant.

10.     On or about November 5, 2018, the insured vehicle was involved in an accident.  As a result of the accident, Plaintiff filed a claim with Defendant for property damage.

11.     Subsequently, Defendant determined that the cost to repair the vehicle exceeded the ACV of the vehicle, and thus declared the vehicle to be a "total" loss.

12.     Through a third-party vendor, Defendant determined that the vehicle has an "adjusted value" of $5,177.00.  Defendant added $35.00 in "License and Title Fees" but notably only paid the $35.00 fee to acquire Title without Lien of $35.00 and failed to include mandatory license fees.  Defendant paid the Title fees because such fees are part of the reasonably necessary costs to replace the vehicle as pursuant to its obligation to pay ACV.

13.     Defendant did not, however, pay any other reasonably necessary costs to replace the vehicle inherent in its purported payment of ACV.  To wit:  Defendant failed to pay the ACV cost of $20.00 transfer "Tag Fee" for the cost to transfer registration to the replacement vehicle.

14.     Delaware law requires that all vehicles have a proper license plate (or tag) in order to be legally driven on Delaware's roadways.  The minimum fee to transfer a tag in the state of Delaware is $20.00.  No one may drive or even move a motor vehicle which is not registered and for which current registration plates have not been issued and for which the appropriate fees are paid.  21 *Del. C.* § 2101.

15.     Pursuant to Delaware law, 30 *Del. C.* § 3002(a), "There is imposed upon the sale, transfer or registration of any new or used motor vehicle, truck tractor, trailer or motorcycle in this State a motor vehicle document fee, which fee is to be paid by the owner and shall be collected by the Division of Motor Vehicles for deposit to the credit of the Transportation Trust Fund."

16.     Defendant failed to pay the mandatory Document Fee charged by Delaware for each and every newly acquired vehicle.  The Document fee is 4.25% of purchase price or NADA book value, whichever is greater, with a minimum Document Fee of $8.00.  The Tag Fee and Document fee and Title Fees, with or without lien ("Transfer Fees"), are fees reasonably necessary to replace the total loss vehicle.

4

17.     The charge for a Title with Lien in Delaware is $55.00.

18.     Defendant's failure to include Transfer Fees when making the total loss payment to Plaintiff is a breach of the Policy, which promises to provide the ACV of the total loss vehicle, which includes Transfer Fees.

19.     Defendant, acting pursuant to its standard and uniform business practice, did not pay Transfer fees to any of the putative Class Members.

20.     Transfer Fees are mandatory, applicable fees that must be paid to purchase any vehicle in the State of Delaware.

21.     After determining the Plaintiff's vehicle, as well as those of other similarly situated insureds, was a total loss and purporting to pay ACV, Defendant still owes Plaintiff Transfer Fees as follows:

Tag Transfer fee:  $20.00

Document fee:    $220.02 (.0425 x the Adjusted Vehicle Value of $5,177.00)

22.      In breach of its contract with Plaintiff, Defendant did not include Transfer Fees in the amount of $240.02 when it made the ACV payment for Plaintiff's total loss.

23.     Plaintiff and all members of the putative Class paid all premiums owed under their respective insurance policies with State Farm and otherwise satisfied all conditions precedent, or such conditions precedent were waived or excused, prior to bringing this action against Defendant.

## STATE FARM INSURANCE POLICY

24.     Pursuant to its standard form policy language applicable (in relevant part) to all members of the putative Class, Defendant promises to pay for loss.

25.      In its Payment for Loss provision, Defendant promises to repair or replace the vehicle or to pay the cost to do so in money.

26.     When an insured vehicle suffers a loss, Defendant determines the amount it would cost to repair the damage (including, if necessary, replacement of component parts), including, *inter alia*, applicable labor rates, cost of materials, paint, etc.  This amount constitutes the amount of "loss" Defendant is obligated to pay its insureds.

27.     However, Defendant's liability for that amount of loss is not limitless. Where such amount exceeds the pre-loss ACV of the insured vehicle, Defendant is not liable for the full amount of loss; instead, its liability is limited to the lesser amount of ACV.  This scenario – where the repair cost (plus salvage value) exceeds the vehicle's ACV – is known in the insurance industry as a "total loss".

28.     Indeed, Defendant adjusted and paid the claim as an ACV payment.

29.     The insurance policy (**Exhibit A**), under the section entitled PHYSICAL DAMAGE COVERAGES (**Exhibit. A p. 31**), states the following:

**Collision Coverage:**

*We* will pay for *loss caused by collision* to a *covered vehicle* (emphasis in original).

30.     In the same section, under a provision entitled "Limits and Loss Settlement -- Comprehensive Coverage and Collision Coverage" (**Exhibit A, p. 32**), states:

> 1. *We* have the right to choose to settle with *you* or the owner of other *covered vehicle* in one of the following ways:
>
> Pay the cost to repair the *covered vehicle* minus any applicable deductible Pay the actual cash value of the *covered vehicle* minus any applicable deductible.

31.     The policy does not define Actual Cash Value.

32.     By determining that Plaintiff's and class members' vehicles were a "total loss", Defendant determined the cost to repair the respective vehicles exceeded their ACV and Defendant then promised to pay the ACV of the total loss vehicle. Thus, the applicable promise made pursuant to the Policy was that Defendant would pay the ACV of the insured vehicle as determined by Defendant to be a total-loss.

33.     Plaintiff does not contest Defendant's determination that the amount of loss exceeded the vehicle's AVC, nor does plaintiff seek the (higher) amount it would have cost to repair her vehicle.  Plaintiff accepts that the ceiling of her recovery – the amount at which Defendant's liability is capped – is ACV, which is

less than the amount of loss as determined by Defendant, and with which Plaintiff does not disagree.

34.     The Policy, which is a contract of adhesion drafted entirely by Defendant, does not define ACV.

## PAYMENT OF MANDATORY FEES

35.     Defendant chose not to define ACV in the policy, and a reasonable interpretation of ACV is that it is measured as the property's replacement cost less depreciation — a definition that would include the Transfer Fees necessarily incurred upon replacement of the insured vehicle.

36.     Transfer Fees are components of the ACV owed to insureds in the event of a total loss.

37.     By promising to pay the ACV of insured vehicles, the Policy promises coverage for Transfer Fees because such fees are necessary to replace a vehicle in the State of Delaware.

38.      Defendant's policy promises to provide costs to be incurred upon replacement of the vehicle.  Otherwise, the Defendant's insureds, including Plaintiff, are not paid the cost to purchase a replacement vehicle. Thus, the coverage provided by the Policy requires payment of Transfer Fees.

39.     State Farm has a website to advertise, promote, and market its coverages.  It advertises to the public on this website that: "Comprehensive coverage

pays to repair or *replace* a covered vehicle that's stolen or damaged by something other than collision or rolling over."[1]

40.    State Farm has a website to advertise, promote, and market its coverages.  It advertises to the public on this website that: "Collision insurance helps pay to repair or *replace* your vehicle if it's damaged or destroyed in an accident."[2]

41.    Nevertheless, despite its advertised promises, Defendant declined to include necessary costs incurred to replace the total loss vehicle in making ACV payments to total loss insureds, thereby breaching its respective contracts with its insureds, including each and every putative Class Member.

42.    Plaintiff's disagreements and allegations stated herein, individually and on behalf of the Class, do not concern the amount of loss, nor does Plaintiff contest Defendant's determination that the loss was sufficient to constitute a total-loss. Plaintiff does not contest that ACV is the relevant limitation on liability.  Although Plaintiff does not have Defendant's internal documents showing the amount Defendant determined constituted the total amount of loss, Plaintiff accepts Defendant's determination that the vehicle was a "total loss" and that Defendant's liability is limited to the ACV of the total-loss vehicle.

---

[1] Https://www.statefarm.com/sfsearch/?k=collision%20coverage (emphasis added).

[2] *Id.* (emphasis added).

## CLASS REPRESENTATION ALLEGATIONS

43.     Plaintiff brings this action seeking representation of a class pursuant to Del. R. Civ. P. Super. Ct. Rule 23.

44.     Plaintiff brings this action as class representative, individually and on behalf of all other persons or entities similarly situated, more specifically defined as follows:

> All insureds, under any Delaware policy issued by State Farm Mutual Automobile Company and its subsidiaries who submitted a first-party claim for property damage where the insured vehicle was determined to be a total loss and whose claim was adjusted as a total loss within the three-year time period prior to the date on which this lawsuit was filed until the date of class certification, and who were not paid full Transfer Fees as part of the total-loss claim payment.

45.     The issues related to Plaintiff's claims do not vary from the issues relating to the claims of the other members of the classes, so that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

46.     **Numerosity**: Although the precise number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery, upon information and belief, the class members in this case are thousands of insureds with total loss claims and the damages (not including prejudgment interest, attorneys' fees, or costs) exceed one million dollars. Thus, joinder of all

such claims is impracticable and numerosity as to the Class is otherwise established within the meaning of Superior Court Civil Rule 23(a)(1).

47.   **Commonality**: Rule 23(a)(2)'s commonality requirement for the Class is satisfied because the central (and dispositive) issues in this litigation turn on interpretation of materially identical policy provisions; thus, this case is well-suited for classwide adjudication.  Defendant and all Class Members are bound by the same materially identical policy terms.  Common questions include, but are not limited to, the following: (a) whether under Defendant's standardized policy language, Plaintiff and Class Members are owed transfer fees upon the total loss of an insured vehicle; and (b) whether Defendant breached its insurance contracts with Plaintiff and the Class Members by failing to include registration transfer fees in making payment for the total loss of an insured vehicle.

48.   **Typicality**: Rule 23(a)(3)'s typicality requirement is satisfied because Plaintiff and Class Members were injured by Defendant's uniform misconduct. Plaintiff and Class Members' legal claims arise from the same core practices, namely, the failure to pay registration transfer fees for first-party total loss claims. Plaintiff's claims are based upon the same legal theories as those of the Class Members, Plaintiff suffered the same harm as all the other Class Members, and Plaintiff is not subject to unique affirmative defenses sufficient to preclude a finding of typicality.  Moreover, the material and relevant policy terms for each class

member are substantially identical to the terms of Plaintiff's policies. Thus, typicality within the meaning of Rule 23(a)(3) is established.

49. **Adequacy**: Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in prosecuting class actions, and Plaintiff has no interests in conflict with or antagonistic towards those of putative Class Members.  Plaintiff's counsel has successfully litigated other class action cases similar to that here, where insurers breached contracts with insureds by failing to include sales tax and/or total loss fees after total losses.  For these and other reasons, Plaintiff and the undersigned Counsel are adequate within the meaning of Rule 23(a)(4).

50. **Predominance**: The previously articulated common issues of fact and law predominate over any question solely affecting individual Class Members. Resolution of the common issues in this litigation will resolve virtually the entirety of every Class Members' claims in a single stroke. There are no significant individual questions of liability or damages whatsoever, and certainly not ones that predominate over issues common to the Class. Thus, predominance within the meaning of Rule 23(b)(3) is established.

51. **Superiority**: Further, class treatment is superior to any other alternative method of adjudication because the damages suffered by individual Class Members is small (under $3,000.00), their interests in maintaining separate actions is

questionable, and the expense and burden of individual litigation makes it impracticable for Class Members to seek individual redress for the wrongs done to them.  Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.  Moreover, it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Thus, class treatment is superior to any other possible form of adjudication within the meaning of Rule 23(b)(3).

52.    Plaintiff retained the undersigned counsel and agreed to pay reasonable attorney's fee and costs in connection with this action.  Plaintiff, for herself and the punitive Class, is entitled to recover attorney's fees pursuant to Delaware law, 18 *Del. C.* § 4102, which provides for reasonable attorneys' fees for "property insurance" coverage actions. *Galiotti v. Travelers Indem. Co*., 333 A.2d 176, 178 (Del. Super. Ct. 1975) (awarding fees under Section 4102 because the policyholder was seeking coverage under the "property insurance" component of the policy, *i.e*., damage to the vehicle).  Plaintiff is independently entitled to recover attorneys' fees under the common fund doctrine.

## **CLAIM FOR BREACH OF CONTRACT**

53.     The allegations in paragraph 1 through 52 are hereby incorporated by reference.

54.     This count is brought by the Plaintiff on behalf of herself and all members of the putative Class.

55.     Plaintiff was party to an enforceable contract, the Policy, with Defendant as described herein.  At all times material hereto, all members of the putative Class were also parties to similar contracts with Defendant that contained materially identical terms.

56.     Delaware law governs the interpretation and construction of the insurance policies between Plaintiff and all members of the Class and Defendant.

57.     Plaintiff and all members of the putative Class made claims that Defendant determined to be covered first party total losses under their respective insurance policies.

58.      Defendant, in paying the total loss claim under the ACV limitation of liability, determined that Plaintiff and each Class member complied with the terms of their respective insurance contract and fulfilled all duties and conditions under the same that were necessary to be paid on their total loss claims.

59.     By determining the vehicles to be total-losses, Defendant determined that, under its Policy, Defendant's liability for loss was the ACV of the total-loss vehicle.

60.      Pursuant to the aforementioned uniform contractual provisions, upon the total loss of insured vehicles, the Plaintiff and every Class member were owed the ACV of the vehicle.

61.     Defendant breached that obligation by failing to include all Transfer Fees as a component of ACV, thereby failing to pay the vehicle's ACV to Plaintiff and all members of the Class.

62.     Defendant's failure to provide the promised coverage and failure to pay Transfer Fees continues a material breach of contract with Plaintiff and every class member.

63.     As a result of the foregoing breaches, Plaintiff and the Class members are entitled under Defendant's insurance policies to sums representing the benefits owed for full ACV payment, including Transfer Fees  as well as prejudgment and postjudgment interest, attorney's fees and any other relief the Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands a trial by jury on a triable issues and seeks relief and judgment as follows:

    a.  For and Order certifying this action as a Class Action on behalf of the Class described above;

    b.  For an award of compensatory damages according to proof, namely $240.02 in Transfer Fees to Plaintiff and as due for each class member;

    c.  For an award of attorney's fees and expenses as appropriate pursuant to applicable law, including 18 *Del. C.* § 4102.

    d.  For costs of suit incurred herein;

    e.  For prejudgment and postjudgment interest on any amounts awarded; and

    f.  For other forms of relief as this Court deems just and proper.

Dated: September 4, 2020.

Respectfully submitted,

*/s/ John Spadaro*

John Sheehan Spadaro, No. 3155
**JOHN SHEEHAN SPADARO, LLC**
54 Liborio Lane
Smyrna, DE 19977
Phone: 302-235-7745

Of Counsel:

Edmund Normand
**NORMAND PLLC**
3165 McCrory Place, Suite 175
Orlando, FL 32803
Phone: 407-603-6031

EFiled:  Sep 04 2020 12:35PM EDT
Transaction ID 65905472
Case No. S20C-09-003 MHC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROSILYN WILSON, | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY,**

YOU ARE COMMANDED:

To summon defendant, so that, within 20 days after service hereof upon the following defendants, State Farm Mutual Automobile Insurance Company, exclusive of the day of service, defendant shall serve upon John S. Spadaro, Esquire, plaintiff's attorney, whose address is John Sheehan Spadaro, LLC, 54 Liborio Lane, Smyrna, Delaware 19977, an answer to the Complaint.

To serve upon defendant a copy of the Complaint.

Dated: _____

_____
*Prothonotary*


_____
*Per Deputy*

9810

**TO THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

*Myrtle A. Thomas*
***Prothonotary***

_____

***Per Deputy***

2

EFiled: Sep 10 2020 09:31AM EDT
Transaction ID 65917239
Case No. S20C-09-003 MHC

EFiled: Sep 04 2020 12:35PM EDT
Transaction ID 65905472
Case No. S20C-09-003 MHC

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ROSILYN WILSON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. |
| v. | ) ) | TRIAL BY JURY DEMANDED |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY,**

YOU ARE COMMANDED:

To summon defendant, so that, within 20 days after service hereof upon the following defendants, State Farm Mutual Automobile Insurance Company, exclusive of the day of service, defendant shall serve upon John S. Spadaro, Esquire, plaintiff's attorney, whose address is John Sheehan Spadaro, LLC, 54 Liborio Lane, Smyrna, Delaware 19977, an answer to the Complaint.

To serve upon defendant a copy of the Complaint.

Dated:

SEP 10 2020

_Myrtle A. Thomas_

_Prothonotary_

_Per Deputy_

9810

**EFiled: Sep 10 2020 09:31AM EDT**
**Transaction ID 65917239**
**Case No. S20C-09-003 MHC**
**THE ABOVE-NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

*Myrtle A. Thomas*
**Prothonotary**

**Per Deputy**

2



Kent County Sheriff's Office
555 Bay Rd
Dover, DE 19901
302-736-2161

EFiled:  Sep 23 2020 03:55PM EDT
Transaction ID 65958386
Case No. S20C-09-003 MHC



STATE OF DELAWA
KENT COUN
9/23/2020

# SHERIFF'S RETURN

Rosilyn Wilson individually and on behalf of all others similarly situated,

Plaintiff,

Vs.

State Farm Mutual Automobile Insurance Company

Defendant

| | |
|---|---|
| C.A. No.: | S20C-09-003 MHC |
| Sheriff No.: | 20001763 |
| Attorney:<br>Firm: | John S. Spadaro of<br>John Sheehan Spadaro LLC<br>54 Liborio Lane<br>PO Box 627<br>Smyrna, DE 19977 |

To:      Superior Court - SC

Served the within Writ upon:

State Farm Mutual Automobile Insurance Company c/o Insurance Commissioner Trinidad Navarro

by delivering to and leaving in the hands of State Farm Mutual Automobile Insurance Company c/o Insurance Commissioner Trinidad Navarro, Insurance Commissioner of the State of Delaware, true copies of the said Writ together with a copy of the plaintiff's

Summons/Complaint

**$25 Check attached for Insurance Commissioner**

as prescribed by Title 18 Delaware Code Section 525 this day, 9/15/2020.

So Answers,

Brian E. Lewis
Sheriff of Kent County